**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CORNELIUS BROCKENBOROUGH** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 20-3006** |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA** | : | |

# MEMORANDUM

**KEARNEY, J.** **October 30, 2026**

An incarcerated man convicted of first-degree murder in state court moved for habeas relief without counsel. He timely presented claims challenging the trial judge's rulings and limited challenges to the effectiveness of his trial and appellate counsel focused generally on his interest in testifying to explain his confession and challenging DNA witness testimony concerning blood at the murder scene. We appointed the Federal Defenders to represent the man. The Federal Defender then amended the pending habeas petition with new arguments long after the deadline for seeking habeas relief by challenging different aspects of the trial and appellate counsel's effectiveness. We referred the counseled amended habeas petition to Judge Hey. Judge Hey found the counsel's untimely amended claims did not relate back to timely pro se habeas claims even though both sets of claims generally focused on the fact of his confession and the trial court's admission of testimony relating to blood at the murder scene. We now address the incarcerated man's counseled objections to Judge Hey's findings the amended claims did not relate back to timely claims. We studied the distinctions between the ineffectiveness arguments of the timely and untimely claims.

We agree with Judge Hey. We adopt and approve her extensive Report and Recommendation. We find no basis for an evidentiary hearing or a certificate of appealability. We deny the incarcerated man's petition for habeas relief from his state court conviction.

## I. Facts

The Commonwealth charged Mr. Brockenborough with first-degree murder and possessing an instrument of crime on November 24, 2010.[1] Philadelphia Police arrested Mr. Brockenborough at his home following a 911 call.[2] He made statements to police confessing he killed his girlfriend.[3] Police collected blood evidence from the crime scene incriminating Mr. Brockenborough.[4] A DNA technician later tested the evidence and produced a report.[5] Mr. Brockenborough's trial counsel moved to suppress the confession.[6] Judge Bright admitted the confession over counsel's objections.[7] Officer Maresca testified at trial about the blood evidence he collected from the crime scene.[8] The Commonwealth also introduced the DNA lab report incriminating Mr. Brockenborough.[9] A jury convicted Mr. Brockenborough and Judge Bright sentenced him to life in prison.[10]

Mr. Brockenborough timely appealed to the Pennsylvania Superior Court.[11] The Superior Court affirmed Mr. Brockenborough's convictions and the Pennsylvania Supreme Court denied allowance of appeal.[12] Mr. Brockenborough filed a pro se petition under Pennsylvania's Post-Conviction Relief Act on September 9, 2013 and filed an amended pro se petition on March 26, 2014.[13] Judge Bright of the Philadelphia Court of Common Pleas dismissed the petition but Mr. Brockenborough appealed.[14] The Superior Court affirmed the dismissal on August 28, 2019 and the Supreme Court denied allowance of appeal on May 27, 2020.[15]

Mr. Brockenborough filed a pro se habeas application on June 18, 2020 challenging his state court conviction on two grounds.[16] He claimed the Commonwealth violated his rights under the Confrontation Clause by introducing forensic laboratory reports containing testimony from

Deanna Ferriola and the DNA evidence did not represent the "facts in truth."[17] Mr. Brockenborough pleaded an additional ground for relief through a stay and abeyance Motion filed three weeks after his habeas Petition.[18] Mr. Brockenborough then supplemented his habeas Petition a couple weeks later in a letter informing us of a Post-Conviction Relief Act petition he filed in state court on August 5, 2020.[19] After the Commonwealth opposed his petition, Mr. Brockenborough replied: (1) Judge Bright should have suppressed his coerced statements to the police and (2) his trial counsel rendered ineffective assistance of counsel by preventing him from testifying at trial on February 3, 2021.[20] He did not claim ineffective assistance in his counsel's presentation or performance in the state court suppression hearing addressing the admissibility of his confession.

We appointed the Federal Defenders to represent Mr. Brockenborough on April 19, 2021.[21] Mr. Brockenborough's counsel filed an amended habeas petition on June 1, 2021.[22] Mr. Brockenborough's Federal Defender then filed a Memorandum and an amended Petition for habeas corpus on September 23, 2022.[23] Mr. Brockenborough's counsel withdrew some of his earlier claims and sought habeas relief on four grounds.[24] His counsel now claimed: (a) ineffective trial counsel for failing to challenge the admission of his confession to the police and ineffective appellate counsel for failing to challenge the admission of his confession on appeal; (b) ineffective trial counsel for failing to challenge the admission of blood evidence from the crime scene; (c) ineffective trial counsel for failing to object or move for a mistrial based on the prosecutor's argument; and (d) cumulative prejudice.[25]

We referred Mr. Brockenborough's amended habeas Petition to Judge Hey for a report and recommendation.[26] Judge Hey reviewed a fully developed fact record from the state court. Judge

Hey issued a comprehensive analysis of Mr. Brockenborough's four grounds before recommending we deny his Petition for habeas relief on all four claims.[27]

Mr. Brockenborough now objects to two of Judge Hey's recommendations.[28] He objects to Judge's Hey recommendation we dismiss his claim for ineffective trial counsel for failing to suppress his confession.[29] He also objects to Judge Hey's recommendation we dismiss his claim for ineffective trial counsel for failing to challenge the admission of blood evidence.[30] He does not object to Judge Hey's recommendations we dismiss his claim for ineffective trial counsel for failing to object or move for a mistrial based on the prosecutor's argument.[31] He also does not object to Judge Hey's recommendation we dismiss his claim for cumulative prejudice.[32]

Mr. Brockenborough argues under a liberal pleading standard the amended counseled claims he objects to relate back to timely pro se filings.[33] He also argues the cumulative effect of these two errors deprived him from the right to effective assistance of counsel and asks us to grant a certificate of appealability if we deny his habeas Petition.[34] The Commonwealth opposes.[35] It argues we should overrule Mr. Brockenborough's objections, adopt Judge Hey's Report and Recommendation, and dismiss the Petition for habeas corpus with prejudice because his amended claims for ineffective assistance of counsel do not relate back to timely claims.[36] Mr. Brockenborough counters.[37] He reiterates if we construe his initial timely pleadings liberally his remaining claims relate back to his timely claims.[38]

## II. Analysis

We address Mr. Brockenborough's two objections to Judge Hey's extensive Report. We find no basis in his two objections after studying Judge Hey's exhaustive analysis.

Congress requires we conduct a de novo review of the objected portions of the Report and Recommendation.[39] We "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[40] We may not expand the state court record

where Mr. Brockenborough "failed to develop the factual basis of a claim in State court proceedings" unless Mr. Brockenborough meets Congress's stringent requirements of section 2254(e).[41] Congress through section 2254(e)(2) speaks in mandatory terms: we "shall not hold an evidentiary hearing unless [Mr. Brockenborough] shows [ ]—(A) the claim relies on—(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, [ ] previously unavailable; or (ii) a factual predicate [ ] could not have been previously discovered through the exercise of due diligence" and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence [ ] but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."[42] The requirements of section 2254(e)(2) also apply in the context of a hearing under *Martinez v. Ryan*.[43] An incarcerated man in *Martinez* claimed ineffective assistance of his trial counsel for failing to challenge certain evidence at trial and also ineffective assistance of his appellate counsel for failing to advise him to timely file his underlying ineffective assistance of counsel claim.[44] The Supreme Court recognized the importance of providing evidentiary hearings to develop facts in support of ineffective assistance of counsel claims regarding post-conviction appeals.[45]

We are also required to construe Mr. Brockenborough's pro se habeas pleadings liberally.[46] But Mr. Brockenborough still does not meet Congress's section 2254(e) requirements.

**A. We overrule Mr. Brockenborough's objection to Judge Hey's recommendation we dismiss the ineffective assistance of counsel claim related to his confession.**

Mr. Brockenborough first objects to Judge Hey's finding regarding his claim for ineffective assistance of counsel during the motion to suppress hearing arguing it relates back to the timely pro se filings.[47] We disagree with Mr. Brockenborough.

Judge Hey correctly explained a new claim only relates back to a timely filed petition when it is tied to a common core of operative facts.[48] She found Mr. Brockenborough's new claim for ineffective assistance of counsel related to his counsel's actions during the suppression hearing does not relate back because it differs in both time and type from his original pleading.[49] Mr. Brockenborough's timely claims alleged Judge Bright erred by admitting the confession.[50] He did not initially argue ineffective assistance of counsel at the suppression hearing.[51] He instead alleged ineffective assistance of counsel for failing to allow him to testify at trial.[52] But in his current iteration of this claim he argues his counsel's ineffective performance at the suppression hearing.[53] This is a different claim than his initial claim Judge Bright erred and a different claim than ineffective assistance of counsel for failing to permit him to testify. Mr. Brockenborough's present claim for ineffective assistance does not relate back. Judge Hey properly dismissed the claim. We overrule Mr. Brockenborough's first objection.

**B. We overrule Mr. Brockenborough's objection to Judge Hey's recommendation we dismiss the ineffective assistance of counsel claim for failing to object to the admitted blood evidence.**

Mr. Brockenborough objects to Judge Hey's finding his present claim about ineffective assistance of counsel for failing to properly argue the blood evidence should have been excluded arguing it relates back to his timely pro se filings.[54] We disagree with Mr. Brockenborough.

Judge Hey correctly determined Mr. Brockenborough's claim in his amended Petition for ineffective assistance regarding the admitted blood evidence does not relate back to his timely pro se Petition.[55] Mr. Brockenborough initially argued violations of his Confrontation Clause rights based on the introduction of a DNA forensics report without the testimony of the author of the report, Mrs. Ferriola.[56] Mr. Brockenborough now argues in his amended Petition his trial counsel provided ineffective representation by failing to object to the admission of Officer Maresca's testimony regarding the crime scene.[57] Judge Hey found the latter claim advances a new theory of trial counsel's ineffectiveness.[58] We agree it does not relate back to Mr. Brockenborough's timely claims. We overrule Mr. Brockenborough's objection to ineffective assistance of counsel regarding the admitted blood evidence.

**C. We find no cumulative prejudicial effect.**

We deny Mr. Brockenborough's cumulative effect claim.[59] Mr. Brockenborough did not object to Judge Hey's findings his claims did not amount to cumulative prejudice.[60] But Mr. Brockenborough still argues cumulative effect based on ineffective assistance of counsel for

failing to suppress both his confession and the blood evidence[61] We overrule his objections on both claims and likewise do not find cumulative prejudice.

**D. We find no basis for a certificate of appealability.**

Mr. Brockenborough requests we grant him a certificate of appealability on both claims if we deny his habeas petition.[62] We disagree.

We may only issue a certificate of appealability if Mr. Brockenborough makes "a substantial showing of the denial of a constitutional right."[63] Mr. Brockenborough satisfies this standard if he shows "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and [ ] jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[64] Reasonable jurists could not disagree with our resolution of Mr. Brockenborough's claims. We find "[t]he record conclusively shows [Mr. Brockenborough] is entitled to no relief" and "[n]o hearing is necessary to rule on this matter."[65]

## III. Conclusion

We find Mr. Brockenborough's two objections largely repeated arguments Judge Hey considered and rejected. We adopt Judge Hey's reasoned recommendations and dismiss Mr. Brockenborough's claims with prejudice. We further find no need for an evidentiary hearing or a certificate of appealability.

---

[1] ECF 70 at 4.

[2] *Id.* at 1–3.

[3] *Id.* at 2–3.

[4] *Id.* at 2.

[5] *Id.* at 6.

[6] *Id.* at 3–4.

[7] *Id.* at 4.

---

[8] *Id.* at 2.

[9] *Id.* at 6.

[10] *Id.* at 4.

[11] *Id.*

[12] *Id.* at 4–5.

[13] *Id.* at 5.

[14] *Id.* at 6.

[15] *Id.*

[16] ECF 2.

[17] *Id.* at 5–8; ECF 70 at 7.

[18] ECF 7.

[19] ECF 15.

[20] ECF 30 at 8.

[21] ECF 37.

[22] ECF 39.

[23] ECFs 52, 53.

[24] ECF 52 at 8–41.

[25] *Id.* at 9, 29, 39, 41.

[26] ECF 4.

[27] ECF 70.

[28] ECF 73.

[29] *Id.* at 1.

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.* at 4–11.

[34] *Id.* at 14.

[35] ECF 78.

[36] *Id.* at 1, 8.

[37] ECF 81.

[38] *Id.* at 1–5.

[39] 28 U.S.C. § 636(b)(1).

[40] *Id.*

[41] 28 U.S.C. § 2254(e)(2).

[42] *Shinn v. Ramirez*, 596 U.S. 366, 388 (2022) (citing 28 U.S.C. § 2254(e)(2)).

[43] *Id.* (citing *Martinez v. Ryan*, 566 U.S. 1, 13 (2012)).

[44] *Martinez*, 566 U.S. at 7.

[45] *Id.* at 13. Mr. Brockenborough does not request we hold an evidentiary hearing on his claims. And we decline to do so. Our scope of review under section 2254 is limited. The fact record is developed. Mr. Brockenborough does not address the requirements of section 2254(e)(2) let alone meet its stringent standards. We may not expand the state court record through an evidentiary hearing under these circumstances. We find no basis for an evidentiary hearing.

[46] *Castro Mota v. Loveridge*, No. 23-1121, 2023 WL 9065640, at *4 (E.D. Pa. Aug. 28, 2023) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *report and recommendation adopted sub nom. Mota v. Loveridge*, No. 23-1121, 2024 WL 37945 (E.D. Pa. Jan. 3, 2024)).

[47] ECF 73 at 4, 15.

[48] ECF 70 at 16; *see Mayle v. Felix*, 545 U.S. 644, 650 (2005).

[49] ECF 70 at 17–18.

[50] ECF 30 at 8.

[51] *Id.*

[52] *Id.*

[53] *Id.*

[54] ECF 73 at 10, 15.

---

[55] *Id.* at 20.

[56] *Id.* at 19–20.

[57] *Id.*

[58] ECF 70 at 19–20.

[59] *Id.* at 14.

[60] *Id.* at 1–3.

[61] *Id.* at 14.

[62] ECF 73 at 14.

[63] 28 U.S.C. § 2253(c)(2).

[64] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[65] *United States v. Maldonado*, No. 10-288, 2016 WL 4206371, at *6 (E.D. Pa. Aug. 9, 2016) (citing 28 U.S.C. § 2255(b)).